1 **KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq. (SBN 185123)
2 eric@kingsleykingsley.com
KELSEY M. SZAMET, Esq. (SBN 260264)
3 kelsey@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
4 Encino, CA 91436
5 Tel: (818) 990-8300, Fax (818) 990-2903

6 **DAVTYAN LAW FIRM, INC.**
7 EMIL DAVTYAN, Esq. (SBN-299363)
emil@davtyanlaw.com
8 880 E. Broadway
Glendale, CA 91205
9 Tel: (818) 875-2008, Fax: (818) 722-3974

10 Attorneys for Plaintiff and the Proposed Class

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| MICHAEL FENSKE, an individual, on behalf of himself and others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>FRESENIUS USA MANUFACTURING, INC.; and DOES 1 thru 50, inclusive<br><br>DEFENDANTS. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures, 15 U.S.C. § 1681b(b)(2)(A)(i);<br><br>2. Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization, 15 U.S.C. § 1681b(b)(2)(A)(ii);<br><br>**DEMAND FOR A JURY TRIAL** |

1
**CLASS ACTION COMPLAINT**

Plaintiff MICHAEL FENSKE ("Plaintiff"), on behalf of himself and all others similarly situated, alleges on information and belief, except for his own acts and knowledge, the following:

# I.

# INTRODUCTION

1. Defendant FRESENIUS USA MANUFACTURING, INC. ("Defendant") is a Delaware Corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2. Defendant manufactures and distributes medical products for treating chronic kidney disease throughout North America and specializes in providing systems and supplies for dialysis centers and patients.[1]

3. Plaintiff applied, was hired, and performed work for Defendant in California.

4. Upon information and belief, during the application process, Plaintiff filled out Defendant's standard form entitled "Authorization Form for Consumer Reports or Investigative Consumer Reports" ("standard FCRA form") permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience.

5. Defendant's standard FCRA form is attached hereto as **Exhibit 1**. This form is a single "document" for purposes of the FCRA and consists of a disclosure and authorization.

6. Defendant's standard FCRA form is invalid on two separate grounds. First, Defendant's standard FCRA form violates the "standalone" disclosure requirement in 15 U.S.C. § 1681b(b)(2)(A)(i) (the FCRA disclosure must be "in a document that consists solely of the disclosure"). *Gilberg v. California Check Cashing Stores, LLC*, 913 F.3d 1169, 1175 (9th Cir. 2019).

---

[1] https://fmcna.com/company/

7. Second, Defendant's standard FCRA form violates the "clear and conspicuous disclosure" requirement in 15 U.S.C. § 1681b(b)(2)(A)(i) because Defendant's FCRA disclosure combines both federal and state disclosures and multiple other state disclosures. *Id*. at 1176.

8. Starting at least five (5) years prior to the filing of this action, in violation of 15 U.S.C. §1681b(b)(2)(A)(i)'s "standalone" disclosure requirement (the FCRA disclosure must be "in a document that consists solely of the disclosure"), Defendant has unlawfully inserted extraneous provisions into its standard disclosure and authorization form purporting to grant Defendant the authority to obtain and use consumer report information for employment purposes for Plaintiff and all members of the Proposed Class.

9. The FCRA prohibits this practice and requires that forms granting the authority to access and use consumer report information for employment purposes be standalone forms, and not include any additional information or agreements. Defendant's standard FCRA form contains extraneous language. (*Syed v. M-I, LLC* (9th Cir. 2017) 853 F.3d 492, 503 ["including the [liability] waiver violated the statute's 'solely' requirement."].)  The disclosure therefore violates FCRA's standalone requirement.  (*Gilberg*, *supra*, 913 F.3d 1169, 1175-76 (9th Cir. 2019) [Prospective employer's disclosure form did not comply with standalone document requirement in FCRA concerning prospective employer obtaining job applicant's consumer report, where the form did not consist solely of disclosure of applicant's FCRA rights, but also referred to applicant's rights under state laws inapplicable to job applicant]; *and see Walker v. Fred Meyer, Inc*. (9th Cir. 2020) 953 F.3d 1082, 1090 [employer's good faith explanation of applicant's rights included in disclosure notice was extraneous information prohibited by FCRA.].)  Defendant's decision to include extraneous information in its standard FCRA form is contrary to the plain language of the statute and unambiguous regulatory guidance from the Federal Trade Commission ("FTC").

10. Since Defendant's standard FCRA form is non-compliant, Plaintiff did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

11. Plaintiff now brings this Class Action on behalf of himself and a nationwide class, defined as:

> All employees in the United States who filled out FRESENIUS USA MANUFACTURING, INC.'s standard "Authorization Form for Consumer Reports or Investigative Consumer Reports" form any time during the period beginning five (5) years prior to the filing of this action to the present. (the "Proposed Class")

## II.
## JURISDICTION AND VENUE

12. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681 of the FCRA.

13. Venue is proper in this district pursuant to 28 U.S.C. §1391(d) because Defendant is subject to personal jurisdiction in this district, maintains offices in this district, and the actions at issue took place in this district.

## III.
## THE PARTIES

A. **PLAINTIFF**

14. Plaintiff applied, was hired, and performed work for Defendant in Apple Valley, California from April 8, 2019 through September 16, 2020 as a non-exempt hourly employee with the title of "Warehouse Worker 2."

15. Plaintiff completed Defendant's standard FCRA form.

B. **DEFENDANT**

16. Defendant is a Delaware Corporation. At all times relevant herein, Defendant conducted and continues to conduct business throughout the State of

California including hiring and employees such as Plaintiff.

17. Defendant's entity address listed with the California Secretary of State is 920 Winter St Waltham, MA 02451.

18. Defendant requires Plaintiff and all other persons similarly situated to fill out Defendant's standard FCRA form (Exhibit 1) permitting Defendant to obtain a consumer report verifying the applicant's background and experience.

19. Plaintiff is informed and believes and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, and/or carried out a joint scheme, business plan or policy in all respects pertinent hereto, and/or the acts of each Defendant are legally attributable to the other Defendant(s).

## IV.
## NATURE OF THE ACTION

20. The FCRA provides individuals with a number of rights. Specifically, pertaining to employment-related background checks referred to as "consumer reports", the FCRA provides that a prospective employee must give valid written authorization to the background check after receiving a compliant written disclosure.

21. The FCRA's disclosure and authorization requirements are listed in 15 U.S.C. § 1681b(b)(2)(A).

## V.
## FACTUAL ALLEGATIONS

22. Plaintiff applied to work for Defendant in California. In connection with his employment application, Plaintiff was required to fill out Defendant's standard FCRA form (Exhibit 1) permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience.

23. Upon information and belief, Defendant required all applicants to complete the same standard FCRA form.

24. Defendant's standard FCRA form is a single "document" for purposes of the FCRA and consists of a disclosure and authorization.

25. Defendant's standard FCRA form contained extraneous information such as multiple state disclosures in violation of 15 U.S.C. § 1681b(b)(2)(A)(i)'s so-called "standalone" disclosure and "clear and conspicuous" requirements. *Syed*, 853 F.3d 492, 500-503; *Gilberg*, 913 F.3d at 1175-76 (See Exhibit 1.)

26. Plaintiff was confused by Defendant's standard FCRA form.

27. Since Defendant's standard FCRA form was non-compliant, Plaintiff did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

28. Nevertheless, Defendant procured or caused to be procured Plaintiff's consumer report.

29. Defendant's failure to provide a compliant disclosure, and failure to obtain proper authorization, deprived Plaintiff and others similarly situated of the right to information and the right to privacy guaranteed by 15 U.S.C. § 1681b(b)(2)(A). *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017).

30. By including extraneous information in its standard FCRA form, Defendant's conduct is contrary to the plain language of the statute, case law, and unambiguous regulatory guidance from the Federal Trade Commission ("FTC").

31. Thus, Defendant "willfully" violated the FCRA. Defendant knew that its standard FCRA form must not contain surplus or extraneous information related to state disclosures and must be clear and not likely to confuse a reasonable reader.

## VI.
## THE CLASS

32. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P. Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as a class action. Plaintiff seeks to represent a Class defined as:

> All employees in the United States who filled out FRESENIUS USA MANUFACTURING, INC.'s standard "Authorization Form for Consumer Reports or Investigative Consumer Reports" form any time during the period beginning five (5) years prior to the filing of this action to the present. (the "Proposed Class")

33. Plaintiffs reserve the right to amend or modify the Class definition/description with greater specificity or further division into subclasses or limitation to particular issues.

34. This class action on behalf of members of the Proposed Class meets the statutory prerequisites for the maintenance of a class action as set forth in Rule 23(a) and 23(b)(3) of the F.R.C.P.

A. <u>Numerosity</u>

35. The Proposed Class is so numerous that joinder of all class members is impracticable.

36. While the precise number of members of the Proposed Class has not been determined at this time, Plaintiff is informed and believes that Defendant, during the relevant period, had applicants that numbered well over 1,000.

37. Plaintiff alleges that Defendant's records will provide information as to the number of all members of the Proposed Class.

B. <u>Commonality</u>

38. There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

    a. Whether Defendant's standard FCRA form (Exhibit 1) meets 15 U.S.C. §1681b(b)(2)(A)(i)'s "clear and conspicuous disclosure" requirement;

    b. Whether Defendant's standard FCRA form is "in a document that consists solely of the disclosure" (15 U.S.C.

§1681b(b)(2)(A)(i));

    c. Whether Defendant acquires applicants' consumer reports without authorization in violation of 15 U.S.C. §1681b(b)(2)(A)(ii); and

    d. Whether Defendant "willfully" violated the FCRA pursuant to 15 U.S.C. §1681n.

### C. Typicality

39. The claims of the named Plaintiff are typical of the claims of the members of the Proposed Class.

40. Plaintiff is a member of the Proposed Class. Plaintiff was an applicant and filled out Defendant's "Authorization Form for Consumer Reports or Investigative Consumer Reports" form (Exhibit 1) during his application process. Plaintiff was subjected to the same unlawful practices as other members of the Proposed Class.

41. Plaintiff suffered the same injuries and seeks the same relief as the members of the Proposed Class.

### D. Adequacy of Representation

42. Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed Class.

43. Counsel for Plaintiff are competent and experience in litigation large complex consumer and wage and hour class actions.

### E. Predominance and Superiority of a Class Action

44. A class action is superior to other available means for fair and efficient adjudication of this controversy. Individual joinder of all members of the Proposed Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members.

45. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties

and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

46. Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the members of the Proposed Class to seek and obtain relief. Moreover, a class action will serve an important public interest by permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

## VII.
## FIRST CAUSE OF ACTION
## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA
## [15 U.S.C. § 1681B(B)(2)(A)(I), *ET SEQ*.]
## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED CLASS AGAINST ALL DEFENDANTS)

47. Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though set forth herein, the prior paragraphs of this complaint.

48. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or causes to be procured, in a document that consists solely of the

> disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii)

49. Defendant's standard FCRA form is unlawful on two separate grounds.

50. First, Defendant's FCRA disclosure violates the so-called "standalone" disclosure requirement in 15 U.S.C. § 1681b(b)(2)(A)(i) (the FCRA disclosure must be "in a document that consists solely of the disclosure") because Defendant's FCRA disclosure combines both federal and state disclosures, among other extraneous and irrelevant information such as multiple state law disclosures. *Syed*, 853 F.3d at 500-503; *Gilberg*, 913 F.3d at 1175; *Walker, supra,* 953 F.3d 1082, 1090.

51. Second, Defendant's FCRA disclosure violates the "clear and conspicuous disclosure" requirement in 15 U.S.C. § 1681b(b)(2)(A)(i). The FCRA disclosure is unclear, as it would "confuse a reasonable reader because it combines federal and state disclosures" and multiple other state law disclosures. *Gilberg*, 913 F.3d at 1176.

52. The violations of the FCRA were willful based on the clear statutory text, case law guidance, and regulatory guidance. The statutory text of the standalone requirement is straightforward. The word "solely" in subsection (i) and the one express exception in subsection (ii), which allows the authorization to be on the same document as the disclosure, shows that "the FCRA should not be read to have implied exceptions[.]" *Gilberg*, 913 F.3d at 1175 (citing to *Syed*, 853 F.3d at 501-03).

53. Defendant also had specific case law to provide guidance. *See Gilberg*, 913 F.3d at 1175 ("*Syed*'s holding and statutory analysis were not limited to liability waivers; *Syed* considered the standalone requirement with regard to *any surplusage*") (citing to *Syed*, 853 F.3d at 501) (emphasis added).

54. Lastly, informal guidance from the FTC is unambiguous that no extraneous information should be included in the FCRA disclosure. *See* FTC, Opinion Letter, 1997 WL 33791227, at *1 (Oct. 21, 1997) ("[The] document should include nothing more than the disclosure and the authorization for obtaining a consumer report."); FTC, Opinion Letter, 1998 WL 34323748, at *2 (Feb. 11, 1998) (disclosure may describe the "nature of the consumer reports" it covers, but otherwise should "not be encumbered with extraneous information"); FTC, Opinion Letter, 1998 WL 34323756, at *1 (June 12, 1998) (inclusion of a waiver in a disclosure form violates Section 1681b(b)(2)(A)).

55. In addition, Defendant's violation of the "clear and conspicuous disclosure" requirement was willful. Defendant knew that its standard disclosure form must be clear and not contain extraneous information, such as state disclosures, that would confuse a reasonable reader.

56. Plaintiff and all other members of the Proposed Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every willful violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

57. Plaintiff and all other members of the Proposed Class are also entitled to punitive damages for these willful violations, pursuant to 15 U.S.C. §1681n(a)(2).

58. Plaintiff and all other members of the Proposed Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

///

///

# VIII.

## SECOND CAUSE OF ACTION

## FOR FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATION OF THE FCRA

## [15 U.S.C. § 1681B(B)(2)(A)(II)]

## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED CLASS AGAINST ALL DEFENDANTS)

59. Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

60. Since Defendant's standard FCRA form contains extraneous information, such as a liability release and state disclosures, the FCRA disclosure does not consist "solely" of the disclosure nor is it "clear and conspicuous" as required by 15 U.S.C. § 1681b(b)(2)(A)(i).

61. Since Defendant's standard FCRA form was non-compliant, Plaintiff did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

62. Nevertheless, Defendant procured a consumer report or caused a consumer report to be procured for employment purposes on Plaintiff and the Proposed Class in violation of 15 U.S.C. § 1681b(b)(2)(A).

63. This violation of the FCRA is willful. 15 U.S.C. §1681n. Defendant knew that its standard FCRA form must standalone and must be clear and conspicuous. In addition, Defendant knew that proper authorization is not possible without a legally compliant disclosure.

64. Plaintiff and all other members of the Proposed Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every willful violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

65. Plaintiff and all other members of the Proposed Class are also entitled

to punitive damages for these willful violations, pursuant to 15 U.S.C. § 1681n(a)(2).

66. Plaintiff and all other members of the Proposed Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the Proposed Class:

   A) That the Court certify the First and Second Causes of Action asserted by the Proposed Class as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

   B) A determination and judgment that Defendant willfully violated 15 U.S.C. § 1681(b)(2)(A)(i) and(ii) of the FCRA;

   C) Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to Plaintiff and all other members of the Proposed Class in an amount equal to $1,000 for Plaintiff and all other members of the Proposed Class for Defendant's willful violation of the FCRA;

   D) Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to Plaintiff and all other members of the Proposed Class;

   E) An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

   F) Such other and further relief as the Court deems just and equitable.

///
///

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

DATED: March 1, 2021          KINGSLEY & KINGSLEY, APC

By: _____
Eric B. Kingsley
Kelsey M. Szamet
Attorneys for Plaintiff

# EXHIBIT "1"

**AUTHORIZATION FORM FOR CONSUMER REPORTS OR INVESTIGATIVE CONSUMER REPORTS**

In connection with your application for employment and/or continued employment with the company, understand that consumer reports or investigative consumer reports which may contain public record information may be requested or made on you including consumer credit, criminal records, driving record, education, prior employer verification, workers compensation claims and others. These reports may include experience information along with reasons for termination of past employment. Further, understand that information from various Federal, State, local and other agencies which contain your past activities may be requested. A consumer report or investigative consumer report containing injury and illness records and medical information may be obtained only after a tentative offer of employment has been made.

By signing below, you hereby authorize without reservation, any part or agency contacted by Fresenius Medical Care North America ("Fresenius") or First Advantage, to furnish the above-mentioned information. You further authorize ongoing procurement of the above-mentioned reports at any time during employment or contract. Additionally, if required as part of my assignment, I authorize Fresenius to share any Background check obtained in accordance with this authorization with any customer or client of Fresenius where Fresenius intends to assign me to perform services during the term of my employment.

You also agree that a fax, email or photocopy of this authorization with your signature be accepted with the same authority as the original. By signing below, you also authorize without reservation First Advantage to provide an applicant's information to various government, law enforcement, and Consumer Reporting Agencies.

You have the right to make a request of First Advantage, upon proper identification and the payment of any legally permissible fees, for the information in its files on you at the time of your request.

You hereby authorize and request, without any reservation, any present or former employer, school, police department, financial institution, division of motor vehicles, consumer reporting agencies, or other persons or agencies having knowledge about you to furnish First Advantage with any and all background information in their possession regarding you, in order that your employment qualifications may be evaluated.

You also certify that all information provided on this Background Request form is true and complete. You understand that any omission or misinformation on this form, your application and/or your addendum may prohibit your employment or be grounds for immediate termination whenever such omission or misinformation is discovered.

000081

**New York applicants or employees only:**
By signing below, you also acknowledge receipt of [Article 23-A of the New York Correction Law](#).

**Minnesota and Oklahoma applicants or employees only:**
Please check the box below if you would like to receive a copy of a consumer report at no charge if one is obtained by the company.

**California applicants or employees only:**
By signing below, you also acknowledge receipt of the NOTICE REGARDING BACKGROUND INVESTIGATION PURSUANT TO CALIFORNIA LAW. Please check the box below if you would like to receive a copy of an investigative consumer report or consumer credit report at no charge if one is obtained by the Company whenever you have a right to receive such a copy under California law. If checked, a copy of the consumer report and/or investigative consumer report will be sent within three (3) days of the employer receiving a copy of the report(s).

**Washington State applicants or employees only:**
You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.

_Michael Fenske_
Name of Employee

_3-21-19_
Date

_[signature]_
Signature

☑ Please send me a copy of the inquiry report

000082